Our fourth case this morning is 19-3237 Clark v. City of Williamsburg and for the appellant Mr. Johnson. Thank you I am Alan Johnson and I represent the plaintiff appellant Eric Clark and I would like to reserve five minutes of my time for rebuttal. Thank you for taking the case Mr. Johnson we appreciate coming in on it. It's my pleasure. This case arises out of a notice of violation of the city's sign ordinance that the city's enforcement officer sent to Mr. Clark. Mr. Clark asserts two claims in this case and in this appeal both under 42 USC 1983. His first claim is violation of his First Amendment rights. His second claim is violation of his Fourth Amendment rights and in my arguments today I want to focus just or primarily on the Fourth Amendment claim. Now the Fourth Amendment claim arises out of a visit by the city's enforcement officer Mr. Dellatore to Mr. Clark's home to talk about the notice of violation. The district court granted summary judgment in favor of the city on the Fourth Amendment claim holding that Mr. Dellatore did not conduct a search of Mr. Clark's home or the curtilage but rather he engaged in a proper knock and talk which is a consensual encounter not a search. In reaching this conclusion the district court primarily relied upon this court's decision in United States v. Shuck and Mr. Clark in the Shuck decision is distinguishable from the facts of this case and that a tribal issue of fact exists as to whether or not Mr. Dellatore engaged in a proper knock and talk. And I want to highlight... Was this a knock and talk? Was this a knock and talk? No. No it's not a search not a search either is it? It was not a search. It was a search. Our contention is is that it was not a proper knock and talk and therefore it was a search of his home or his curtilage. Well for a while I thought we were done. No I misspoke I apologize Jen. I thought you misspoke but yes not only not only must it be a search but it must be an unreasonable search. Unreasonable search. How could this possibly be an unreasonable search? All he did was go around go around the corner of the house looking for looking for the homeowner. Well because he was not a proper knock and talk because he did not go to the front porch which was the normal route to access the property of any visitor. He bypassed the front porch but was it reasonable for him to do that when we see what the front area of the as though it's difficult if not impossible to get even to the front door much less through it. Well it's Mr. Clark's contention and my contention that that raises a fact question. It's for the jury to determine whether or not his perception was reasonable and that the facts can give rise to do two different views of them and although the porch is even Mr. Clark admitted was not inviting it was his testimony that that was the normal route of access to his premises by visitors. What do you think a reasonable trick-or-treater would have done in approaching that porch? They would have well if it was a brave trigger-treater they would have gone to the front door because Mr. Clark testified that although there's a chair and a mattress on the front porch that it was accessible that there was about five to six feet between the chair and the front door and that a reasonable trick-or-treater would go to that rather than to the back door because the back door could not be seen from any part of the driveway or any publicly accessible property and there's no evidence that the officer Mr. Dellatore even know that knew that there was a back door. We're looking at whether there was an implied license here under Jardines and the Tenth Circuit cases and if that's the appropriate legal framework and I think I think it is is there a reason under that doctrine that the implied license could not be enlarged to include multiple entrances to a home in other words a front door a side door and maybe even in some circumstances a back door. Couldn't we have a more expansive implied license than you think applies and if not what's the what's the distinction what's the limiting principle for your position? Well I don't think a front door nor did Mr. Clark argue that a front door is the access to a home but the question is what is the normal route of access for anyone visiting the premises? That's a standard that this court adopted in Shuck and I think is the proper standard. So the question is were there other alternatives here that would have been a normal route of access to the house? What if I heard a lawnmower or some sound from the backyard and I knew that the person I was probably I was trying to encounter was not inside the house but was out back so I go out back and you know try to raise his attention. Why does that become an unreasonable search? Because again I think and that was what the officer said here explained he said well I thought I heard a noise back there but that that is not relative to the question is was he taking a normal route of access for anyone visiting the premises and a trigger-treater for example wouldn't go to the back door rather than to the front door of Mr. Clark's if he heard somebody back there trigger-treater or a Girl Scout would have gone to the front door they didn't know what's in the back door the back door or the back part could not be seen even from the driveway so that's how does the how does the path leading anywhere the path evidence in this case what do we do with that does that indicate where the front door is well the pat there there's no worn path but the path or the route of access would be from the driveway up onto the porch now there was it was not worn but the grass was cut there were there was no it wasn't gated like the shuck case the shuck case there was a fence around the front part and it was locked and the officers testified that they believed it was locked and that it had not been disused here the officer simply testified that he didn't think the front porch had been used but he didn't clarify why he never explained why he couldn't cross the grass to go up onto the porch he never is it isn't our approach here again to harken back to reasonableness seeing what he saw was it reasonable for him to go to the back door yes I agree and it's our contention that that reasonable issue under these facts presents a genuine issue of material fact which should be decided by the jury and not on summary judgment and the reasonableness you have to take into a wide variety of factors but it is an objective standard not a subjective standard and part of that would be what would what it look like and I think what was presented to the court was not only the testimony but the pictures of the 2728 of the brief which in many ways a picture is worth a thousand words and if you look at that it's our contention a reasonable jury could conclude that the normal route of access for anyone visiting those premises would have been up on the front porch and the officer did not do that I thought that your nephew or some reference like that was made in his testimony correct and again that factor would be considered by the jury but the officer mr. delatory he wasn't aware of that fact I think what the jury would have to look at or what facts were known and observable by the officer and was it reasonable for him to assume that the normal route of access to the premises was not on the front through the front porch because what's key here is he never made an effort to go to the front porch and knock on the door or to even try and see if he could knock on the door was there a fence or no trespass sign no not in this case so unless the court has any other questions I would like to reserve what I have left for a possible rebuttal let's hear from the city's attorney mr. pig thank you your honor I'm Steve pig I represent the city of Williamsburg the appellee defendant I'm a little thrown off because I actually don't intend to talk about the fourth amendment claim at all and focus on the First Amendment claim but I will address it very briefly I think the photographs that are included in our brief are consistent and show that the court's decision that no reasonable jury could find that it was unreasonable to follow the driveway to the back and attempt to find mr. Clark after hearing him back there is the he heard mr. Clark he said he heard somebody correct right but he also knew that mr. Clark was single and the only person that lived at that residence so if you are did you is that one of your arguments in the summary judgment briefs that was not arguing the deal okay that and the evidence was that he stayed on the driveway he got to the back there was an enclosure around the back door so that you couldn't see the back door from where he was and he never breached that he never got past the apron of a gravel apron that was there at the back of the house now why is there an implied license to go to the back door even if the front door is inaccessible you know if you if you walk up the driveway he gets past these barrels he's got all of these obstructions he he walks around these things goes parallel to the backyard why is there under Jardines which was dealing with a motion to suppress not a civil case why is there an implied license to go parallel to the backyard even if it was reasonable because you haven't argued that that it wasn't a search you haven't argued on appeal when the district judge didn't whether it was reasonable conduct the only issue that you've raised is under Jardines was there an implied license to go parallel to the backyard what why is there an implied license to do that I don't think I'm understanding the use of the term parallel to the backyard he was he he was basically a couple of feet away from getting into the guy's backyard that would be accurate if somebody drive walks up my driveway to my backyard now I have a fence if I didn't have a fence I would say what in the world are you doing what makes you think you can come into you know right next to my backyard without a fence and without a trespassing sign I don't think that people do consider walking to the back of the driveway to look for a person when they've heard something back there to be unreasonable what if he well under Jardines is the issue whether or not the conduct was reasonable or was it simply whether or not there was an implied license to do that I think it's both I think you look at whether an objectively reasonable officer under those circumstances knowing what the officer had would believe that there's an implied license go back and check what if it what if he did what if officer de la Torre he hadn't hurt anybody would there still have been an implied license to go to the back under these circumstances with this residence with the front door being clearly blocked and disused and even though it may may have been possible to get to it it obviously was not used there was not only items that he had placed on the front porch that blocked the interest so you would have to squeeze by between a pillar and the and the chair you're right that there's not an implied license to go to the front yard under Jardines is there always an implied license to go to somebody's door some door now he's arguing that maybe I just didn't want any visitors at all I'm an unfriendly guy and without the posting of a no trespass sign I think there is still an implied license but there was a sign that said no visitors with your still a bit of an implied license to go to the backyard probably not that would probably take the reasonableness of that out that reason was of believing that there's an implied license away from the officer's assessment but under these circumstances there was no such situation it's true we didn't specifically address where there was a search but these a knock-and-talk such as this if it would would qualify as a knock-and-talk is not a search he was simply attempting to talk with mr. Clark about the issue on his right away the court has any more questions about the Fourth Amendment claim I'm happy to try to answer those let me briefly discuss the First Amendment claim then our position is that mr. Clark received his day in court the trial court found that there was that he did have standing to make a claim based upon the notice of violation that he had received from the code enforcement officer but that he had no standing to assert a claim based upon any other provisions of the sign code the notice of violation was very specific it is even titled Ray city Williamsburg right-of-way and then mr. Clark's address all the references in the notice are to the right-of-way not to any other portion of the property specifically tells him that that he inspected the city's right-of-way there were large barrels signs and other objects affixed to the right-of-way and he needed to remove those and the political signs are prohibited on the right-of-way or other public property does the notice cite to any provision in the regs it does not the district court concluded that it applied to a certain section and exemption for political signs because some of the language came right out of that exemption but the notice itself addresses the prohibition of having signs or other objects on the right-of-way and at trial that's what was tried what damages have you sustained as a result of this this notice of violation mr. Clark simply did not ever have standing to assert a claim based on any other aspects of the ordinance his argument isn't he right though that once you once the court severed out the political sign portion of the ordinance there was no protection for political signs under any other provision of the code and it isn't that isn't that a problem I would like to obey that question because that's not really the issue here but I think that's a fair reading of the code and in fact the city has passed a motion shortly shortly after the court's decision a moratorium on enforcement of the code which continues in effect on any portion of the code any portion of the sign code the sign code is one are one portion of the zoning code it's only the sign code that they've passed a moratorium on you have to remember this is a city of 389 people by the 2018 amendment census so you know they're not flush with funds to to go into an analysis of their signing code and they've just left it hanging there and they're not enforcing it at all in fact there's the moratorium on enforcement of any of these signage regulations on all of them and there's also no municipal court judge no municipal court judge they can post anything they want and there's no code enforcement officer in fact as of July 2015 shortly after the because of funding the code enforcement officer was gone so the officer who initiated the notice of violation is no longer there nor is there any other code enforcement officer so what do we do with this is this move then I think it still addresses standing we didn't really raise it as a mootness argument although we get very close to that there's there's no credible threat of this one notice of violation that he's had a trial or put another way what would what relief could we grant for the plaintiff if there's no possibility at least we think so now no possibility of enforcement I don't think there is any relief it you know effectively the issue is mooted by the city's actions and the mr. Johnson argues that even though that it could also if there was a code enforcement officer appointed and he points to somebody that would do it for free he says that they could prosecute in I think it's Franklin County or the Franklin Municipal Court is that correct or incorrect well first that's not a record on appeal that's just something that mr. Clark not mr. Johnson mr. Clark pro se put into his brief yeah right and I'm frankly not sure whether a city ordinance could be prosecuted in the state district court the city's made no effort to do that and when you look at the standing requirements the mere fact that there is a statute out there with no indication that's going to be enforced against the plaintiff leaves a plaintiff without standing can I go back to chief judge typically just question about the other provisions and I don't see it you don't want to answer that but if if if you're basically your interpretation just like mr. Clark's that if you take out the exemption provision in for a and then I think it's in section 5 that that that that remains in place that that would if the answer to judge Tim Kovacs question is that you now can't have any political science even if you delete the problematic provision in for a well he's got this he's got these political signs now why wouldn't there be a credible threat of enforcement based on the the the exist the continuing provision that he that nobody can have any political signs well first there's a state statute which preempts the city's ordinance that allows for political signs for a period of 45 days before and three days after an election so that would control and there would be that provision the ordinance itself the way it's written it defines certain signs and it does not define political signs at all so you could argue and mr. Clark argues that therefore there's no way I can have a political sign because it's not covered that's not an unreasonable interpretation and the city's not in trying to enforce it you might note in the photograph on page 27 of the appellee's brief I think it's 20 yes 27 the picture shows that mr. Clark in fact had a pull what I would call a political sign you can see an Obama sign that's a very large sign painted to the right or would be the left side as you're coming out of his house of his house and the notice of enforcement said nothing about that sign there's never been any indication to mr. Clark that the city would prohibit him from having political signs at any other place on his property their sole concern was the danger and obstructions that were on the right on the city's right-of-way did I answer your question sure do you yeah I'm see I'm about out of time I'm certainly happy to try to answer any other questions there's an issue by the plaintiff about the district court improperly narrowing or framing this First Amendment issue for trial and I understood that argument to be not allowing him to challenge the entire coach so I think it's still a standing issue he also makes the argument that that the court's decision that invalidated one section of the code and then created problems for the other sections of the code that he should have been able to try that but I don't think that creates standing when he never had when there's still never been any attempt to enforce that part of the code against him thank you your honors council appreciate that there's some rebuttal time for mr. Johnson thank you your honor I do want to address the standing issue the First Amendment issue since you have discussed it as I understand that mr. Clark's contention is is that the signs according to the district court were the political signs that he had in the right-of-way and by political signs I mean election signs he had signs that were supporting certain people for elections which are covered by the state law but his contention is is that he had other political signs or signs he considered to be political in the right-of-way that were not covered or were not included in the election signs one of those signs said protect our troops and the other symbol was a is is that he was not able to base his arguments on being prevented from displaying those signs or political signs which were not election signs and on the question of threat of enforcement it's still his position that although there may be no code enforcement officer and there may be no municipal court he still doesn't know what the future will hold and that he because of this ordinance he believes that his First Amendment rights have been chilled and although in the first trial what was litigated was the chilling of his First Amendment rights in presenting the poll the election signs he was not able to to the other signs that he had which is protect our troops and a cross so that is his contention on why he believes he has standing and why the district court improperly limited what his First Amendment claim was and unless the court has any other questions for me I don't have any further argument council we appreciate appreciate you sitting the rest of your time you are excused in case shall be submitted thank you very much